IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HEATHER J. GARDNER and
CYRIL M. GARDNER,

                            Plaintiffs,

        v.                                              1:13-cv-2491-WSD

TBO CAPITAL LLC; ALMAND &
COHEN, LLC; LANDMARK
FINANCIAL SOLUTIONS, LLC;
RESIDENTIAL FUND 76, LLC;
FCI LENDER SERVICES, INC.;
and ACT LENDING
CORPORATION D/B/A ACT
MORTGAGE CAPITAL,

                            Defendants.


## OPINION AND ORDER

This matter is before the Court on TBO Capital, LLC ("TBO") and

Landmark Financial Solutions, LLC's ("Landmark") (together, the "Removing

Defendants") Motion for Judgment on the Pleadings [2].  Also before the Court is

Plaintiffs Heather J. Gardner and Cyril M. Gardner's (together, the "Gardners" or

"Plaintiffs") Motion to Remand [5].

## I.     BACKGROUND

On November 17, 2006, Plaintiffs obtained a loan in the amount of $139,600 from ACT Lending Corporation d/b/a ACT Mortgage Capital ("ACT"). (Am. Compl. ¶ 12 & Ex. C [1.2 at 31-54] at 1).  Repayment of the loan was secured by a deed ("Security Deed") to real property located at 1683 S. Deshon Road, Lithonia, Georgia (the "Property").  (Id. ¶¶ 10, 12 & Ex. C).  Plaintiffs executed the Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for ACT and ACT's successors and assigns.  (Id. ¶ 12 & Ex. C at 1).

On December 29, 2006, the Gardners assigned their interest in the Property to Kingdom Restoration Ministries International Corporation ("Kingdom Restoration Ministries").  (Counterclaim [9] at ¶ 12 & Ex. 2; Pls' An. [13] at ¶ 12).

On May 16, 2008, ACT filed an Administrative Dissolution with the Georgia Secretary of State.  (Id. ¶ 17 & Ex. H [1.2 at 68-71]).

On July 5, 2011, FCI Lender Services, Inc. ("FCI"), on behalf of Landmark, sent Plaintiffs a letter stating that, on July 15, 2011, Landmark would be purchasing Plaintiffs' loan and FCI would become Plaintiffs' loan servicer.  (Id. ¶ 14 & Ex. E [1.2 at 58]).

On August 18, 2011, MERS, as nominee for ACT, assigned the Security Deed to Residential Fund 76, LLC ("Residential Fund") ("First Assignment").  (Id. ¶ 13 & Ex. D [1.2 at 56]).

On September 8, 2011, Residential Fund assigned its interest in the Security Deed to Landmark ("Second Assignment").  (Id. ¶ 15 & Ex. F [1.2 at 60]).

On November 6, 2012, Landmark sent Plaintiffs a "Forbearance/Modification Agreement," which states that Landmark is the current holder of Plaintiffs' loan, that FCI is Plaintiffs' loan servicer, that Plaintiffs had defaulted on their loan obligations on April 1, 2012, and that they owed $12,720.13 in arrears.  (Id. ¶ 16 & Ex. G [1.2 at 63-66]).

On January 22, 2013, Landmark assigned its interest in the Security Deed to TBO ("Third Assignment") (all together, the "Assignments").  (Id. ¶ 21 & Ex. I [1.2 at 73]).

On February 28, 2013, Almand & Cohen, LLC ("A&C") sent Plaintiffs a "Notice of Default, Attorney Fee [sic], Demand for Payment and Sale Under Power" ("February 28th Notice") stating that Plaintiffs' loan and Security Deed had been assigned to TBO, that Plaintiffs had failed to comply with their loan obligations, including by defaulting on their loan payments, that the entire amount of outstanding principal balance and accrued interest under the loan was due

immediately, and that, as of January 3, 2013, the outstanding amount due was $161,783.05.  (Id. ¶ 23 & Ex. J [1.2 at 75-79]).  The February 28th Notice also states that a foreclosure sale of the Property is scheduled for April 2, 2013, that the sale is being conducted by TBO, and that the entity with the full authority to negotiate, amend and modify all terms of the mortgage is A&C.  (Id.).

On March 1, 2013, FCI sent Plaintiffs a letter stating that, effective March 16, 2013, servicing of Plaintiffs' loan would be transferred from FCI to TBO.  (Id. ¶ 24 & Ex. K [1.2 at 81-82]).

On May 9, 16, 23 and 30, 2013, A&C, on behalf of TBO, published in The Champion a Notice of Sale Under Power ("NSUP"), which states that the Property will be sold at foreclosure on June 4, 2013, that the sale is being conducted by TBO, and that the entity with full authority to negotiate, amend and modify all terms of the mortgage is A&C.  (Id. ¶ 25 & Ex. L [1.2 at 84-85]).

On May 29, 2013, Plaintiffs filed their Complaint [1.1 at 2-17] in the Superior Court of DeKalb County, Georgia, against TBO and A&C (the "DeKalb County Action").  Plaintiffs sought a declaration that TBO and A&C lack standing to foreclose on the Property, that the NSUP is defective, and that Plaintiffs are the sole owners of the Property.  Plaintiffs also sought to enjoin the foreclosure sale.

On May 31, 2013, Plaintiffs filed their Amended Complaint, adding Landmark, Residential Fund, FCI and ACT as Defendants and asserting additional claims for wrongful foreclosure, breach of the duty of good faith and fair dealing, invasion of privacy and violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").  In their Amended Complaint, Plaintiffs seek compensatory, statutory and punitive damages, equitable and injunctive relief, and attorneys' fees and costs.

On June 4, 2013, A&C, on behalf of TBO, sold the Property at foreclosure. (Deed Under Power of Sale [9.3]).

On June 3 and 6, 2013, respectively, Plaintiffs personally served copies of the Complaint and Summons on A&C and FCI by serving their respective registered agents.  (Returns of Service [1.3] at 1-2, 11-12).  Also on June 6, 2013, Plaintiffs sought to serve Residential Fund, ACT, Landmark and TBO by delivering to the Georgia Secretary of State copies of the Complaint and Summons. (Id. at 3-10).[1]

On July 29, 2013, Landmark and TBO removed the DeKalb County Action to this Court based on federal question and diversity jurisdiction.  (Notice of

---

[1]     Plaintiffs do not assert that they also mailed copies of the Summons and Complaint to Residential Fund, Act, Landmark or TBO.  The Returns of Service do not indicate whether Defendants were given both Plaintiffs' Complaint, and the Amended Complaint.

Removal [1]).  The Removing Defendants assert that the amount-in-controversy exceeds $75,000 and that complete diversity exists among the parties because A&C, the only in-state defendant, was fraudulently joined to defeat federal subject-matter jurisdiction.[2]  A&C and FCI consented to removal.  (Id.)

On August 3, 2013, Landmark and TBO moved for judgment on the pleadings [2].

On August 20, 2013, Plaintiffs moved to remand this action to state court [5].  Plaintiffs argue that removal was untimely, that all Defendants were required to join in removal, and that complete diversity does not exist because Plaintiffs assert various claims against in-state defendant A&C.

On September 24, 2013, TBO filed its Counterclaim [9] against the Gardners and Kingdom Restoration Ministries, which, TBO alleges, is operated on the Property and pays rent to the Gardners.  TBO seeks to recover the difference between the amounts due on the Gardners' loan and the proceeds of the foreclosure sale of the Property, and any rents or revenue the Gardners received from Kingdom Restoration Ministries after they defaulted on their loan payments.  TBO also seeks a declaration that TBO is the owner of the Property and that the Gardners and

---

[2]      The Removing Defendants argue that Landmark, FCI, Residential Fund and ACT are also fraudulently joined.

Kingdom Restoration Ministries lack any ownership interest in the Property.  It also seeks equitable relief by ejecting them from the Property.

On September 25, 2013, TBO moved for a preliminary and permanent injunction "to obtain possession of and/or enforce its rights to the Property," or, in the alternative, to require the Gardners and Kingdom Restoration Ministries to pay rent into the court registry while this action is pending [10].

On October 18, 2013, TBO moved for entry of default against the Gardners for failure to timely file their answer to TBO's Counterclaim [12].

On October 18, 2013, the Gardners filed their Answer to TBO's Counterclaim [13] and their Response [14] to TBO's motion for default, asserting that their answer was due on or before October 18th.

The Court first considers Plaintiffs' Motion to Remand.

## II.   DISCUSSION

### A.   Whether Removal Was Proper

It is undisputed that the Court has federal question subject-matter jurisdiction over Plaintiffs' FDCPA claim.  Plaintiffs argue, however, that this action must be remanded because removal was untimely and because not all Defendants consented to removal.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Removal must comply with 28 U.S.C. § 1446, which provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b)(1).  The 30-day period for removal begins to run when the defendant is formally served with the summons and complaint.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1205 (11th Cir. 2008) (citing Murphy).  "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."  28 U.S.C. § 1446(b)(2)(B).  "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal, despite its previous failure to initiate or consent to removal." 14C Wright et al., Federal Practice and Procedure § 3731 (4th ed. 2009).  A defendant may remove an action before it is served with process.  Whitehurst v. Wal-Mart, 306 F. App'x 446, 448 (11th Cir. 2008) ("[N]othing in the removal

statute, or any other legal provision, requires that a defendant be served with the complaint before filing a notice of removal.").

Plaintiffs claim that Landmark and TBO's July 29, 2013, removal of this action was untimely because Defendants were served with process on June 6, 2013.  Rule 4(h) of the Federal Rules of Civil Procedure provides that service of process may be made on a corporation, or other unincorporated association subject to suit, in a judicial district of the United States:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1).  Rule 4(e)(1) states that service can be effected "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).

Under Georgia law, a plaintiff serves process on a corporation or limited liability company by delivering a copy of the summons and complaint "to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof."  O.C.G.A. § 9-11-4(e)(1); see also Anthony Hill Grading, Inc.

9

v. SBS Inves., LLC, 678 S.E.2d 174, 177 (Ga. Ct. App. 2009) (applying O.C.G.A. § 9-11-4(e)(1) to limited liability companies).  If service cannot be made in that manner, Georgia law provides for substitute service upon the Secretary of State, along with a certification that the plaintiff has attempted service, that service could not be effected, and that plaintiff forwarded by registered mail the summons and complaint to the last known address of the corporation's office or agent.  O.C.G.A. § 9-11-4(e)(1).  If it appears that there is a last known address of a corporate office outside Georgia, plaintiff must, "in addition to and after such service upon the Secretary of State, mail . . . to the known officer at the address by registered or certified mail or statutory overnight delivery a copy of the summons and a copy of the complaint."  Id.

It is undisputed that A&C and FCI were properly served with process because Plaintiffs personally served copies of the Summons and Complaint on authorized agents for A&C and FCI.  The Returns of Service for TBO, Landmark, Residential Fund and ACT indicate, however, that Plaintiffs attempted to serve these Defendants by personally serving copies of the Summons and Complaint on an agent for the Georgia Secretary of State.  Plaintiffs do not assert, and it does not appear in the record, that they certified to the Secretary of State that they attempted service and that service could not be effected.  Plaintiffs also do not assert that they

sent copies of the Summons and Complaint by registered mail to the last known addresses of these Defendants or their agents.  Plaintiffs did not comply with the requirements of substitute service under Georgia law and thus service was not perfected on TBO, Landmark, Residential Fund or ACT.  Because TBO and Landmark have not been properly served with process, the 30-day period for them to remove the DeKalb County Action to this Court under Section 1446 did not yet start to run.  See 28 U.S.C. § 1446(b)(2)(B); Murphy, 526 U.S. 344; cf. Renaissance Marketing, Inc. v. Monitronics Intern., Inc., 606 F. Supp. 2d 201, 206 (D.P.R. 2009) (30-day period for removal began when defendant actually received summons and complaint, rather than when Secretary of State, as foreign company's statutory agent for service of process, was served); Whitehurst, 306 F. App'x at 448 (service is not a prerequisite to removal).  TBO and Landmark's Notice of Removal therefore is timely.  Plaintiffs' motion to remand on this basis is denied.

Plaintiffs next argue that this action must be remanded because not all Defendants consented to removal.  "The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective."  Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1207 (11th Cir. 2008).  "The requirement that there be unanimity of consent in removal cases with multiple

defendants does not require consent of defendants who have not been properly served."  See Johnson v. Wellborn, 418 F. App'x 809, 815 (11th Cir. 2011) (citing Bailey, 536 F.3d at 1208 ("[A] defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process.")). Because A&C and FCI are the only Defendants who have been properly served with process, they are the only two Defendants required to join in removal.  The Removing Defendants represented in their Notice of Removal that A&C and FCI consent to removal and Plaintiffs do not argue that representation was ineffective. Remand is thus not required.  Plaintiffs' motion to remand on this basis is denied.

   B.   Unserved Defendants Residential Fund and ACT

   A court has discretion to dismiss, *sua sponte*, a complaint against defendants who have not been served with a summons and a complaint within 120 days from when the Complaint is filed.  Fed. R. Civ. P. 4(m); see also Slenzka v. Landstar Ranger, Inc., 204 F.R.D. 322, 325 (E.D. Mich. 2001); Wise v. DOD, 196 F.R.D. 52, 55 (S.D. Ohio 1999); Rollerblade v. Rappelfield, 165 F.R.D. 92, 94 (D. Minn. 1995).  When, as here, a case is removed to federal court, the period for service begins anew upon the date of removal.  28 U.S.C. § 1448.  Failure to timely serve a defendant will result in the dismissal without prejudice of the defendant from the

case, absent a showing of good cause by the plaintiff for the failure to serve. Fed. R. Civ. P. 4(m).

On July 29, 2013, TBO and Landmark removed the DeKalb County Action to this Court.  More than 120 days have passed since removal, and Plaintiffs have not shown good cause for their failure to serve Residential Fund or ACT. Residential Fund and ACT are required to be dismissed from this action.  The Court next considers TBO and Landmark's Motion for Judgment on the Pleadings.

C.     Motion for Judgment on the Pleadings

1.     Legal Standard

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001). Motions for judgment on the pleadings based on allegations of a failure to state a claim are evaluated using the same standard as a Rule 12(b)(6) motion to dismiss. See Sampson v. Washington Mut. Bank, 453 F. App'x 863, 865 n.2 (11th Cir. 2011); Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.8 (11th Cir. 2002); Provident Mut. Life Ins. Co. of Phila. v. City of Atlanta, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994) ("A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss.").

In considering a motion for judgment on the pleadings, the allegations contained in the complaint must be accepted as true and the facts and all inferences must be construed in the light most favorable to the nonmoving party.  See Scottsdale Ins. Co. v. Pursley, 450 F. App'x 888, 890 (11th Cir. 2012); Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).  Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id. (citing Twombly, 550 U.S. at 557).

     2.   Analysis

       a.   Violation of the FDCPA

The FDCPA prohibits debt collectors from, *inter alia*, using "false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  To state a claim for relief under Section 1692e, a

14

plaintiff must allege that: (1) the defendant is a "debt collector;" (2) the challenged conduct is related to debt collection activity; and (3) the defendant engaged in an act or omission prohibited by the FDCPA.  Reese v. Ellis, Painter, Ratteree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012); Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011).

Plaintiffs conclusorily assert that "Defendants' statements . . . demand[ing] possession of [the Property] on behalf of an unidentified and unknown entity" constitutes a "false, deceptive or misleading representation or means" under the FDCPA.  (Am. Compl. ¶ 71).  Plaintiffs do not allege that Defendants are "debt collectors," and it is unclear against which Defendant Plaintiffs assert their claim. Plaintiffs' Amended Complaint is devoid of any meaningful facts and dismissal is warranted on this basis alone.  See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 556.  To the extent Plaintiffs intended to assert this claim against Landmark and FCI, because these Defendants became Plaintiffs' creditor or loan servicer before April 1, 2012, when Plaintiffs defaulted on their loan payments, they are not "debt collectors" for the purposes of Section 1692e.  See 15 U.S.C. § 1692a(6)(F); Lacosta v. McCalla Raymer, LLC, No. 1:10-cv-1171, 2011 WL 166902, at *6 (N.D. Ga. Jan. 18, 2011) (quoting Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)) ("a debt collector does not include the consumer's creditors, a

mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned"). Plaintiffs have not, and cannot, state a claim for relief under Section 1692e against Landmark or FCI.

While A&C and TBO may qualify as "debt collectors" under Section 1692e, Plaintiffs fail to show that A&C or TBO used any false, deceptive or misleading representation or means in connection with the collection of any debt. It is undisputed that Plaintiffs executed the Security Deed, with the power of sale, in favor of MERS, as nominee for ACT and ACT's successors and assigns. (Am. Compl. ¶ 12 & Ex. C). On August 18, 2011, MERS, as nominee for ACT, assigned its rights under the Security Deed to Residential Fund. (Id. ¶ 13 & Ex. D). On September 8, 2011, Residential Fund assigned its rights under the Security Deed to Landmark. (Id. ¶ 15 & Ex. F). On January 22, 2013, Landmark assigned its rights under the Security Deed to TBO. (Id. ¶ 21 & Ex. I). TBO, as the holder of the Security Deed, is therefore entitled to foreclose on the Property in the event of Plaintiffs' default on their loan obligations.[3] Plaintiffs fail to show

---

[3] To the extent Plaintiffs argue that the Assignments are invalid, Plaintiffs are not parties to the Assignments and they therefore lack standing to challenge their validity. See Montgomery v. Bank of Am., 740 S.E.2d 434, 436 (Ga. Ct. App. 2013) (because assignment of security deed was contractual, plaintiff lacked standing to contest its validity because he was not a party to the assignment) (citing O.C.G.A. § 9-2-20(a), which provides that an action based on a contract can be brought only by a party to the contract); Edward v. BAC Home Loans Serv., L.P.,

that A&C or TBO used "any false, deceptive, or misleading representation or means in connection with the collection of any debt." <u>See</u> 15 U.S.C. § 1692e; <u>Reese</u>, 678 F.3d at 1216.[4]  Plaintiffs fail to state a claim for relief under the FDCPA and this claim is required to be dismissed.[5, 6]

---

No. 12-15487, 2013 WL 4400102, at *2 (11th Cir. Aug. 16, 2013) (citing <u>Montgomery</u>).  Even if they did have standing to challenge the Assignments, to the extent Plaintiffs argue that the Security Deed and Assignments are not valid because of MERS's involvement, these arguments have been repeatedly rejected. <u>See, e.g.</u>, <u>Sutton v. Bank of Am., N.A.</u>, No. 1:11-cv-3765-CAP, 2012 WL 2394533, at *3 (N.D. Ga. Apr. 11, 2012) (MERS' assignment of a security deed "does not, in and of itself, have the effect of voiding a transaction under Georgia law."); <u>Alexis v. Mortg. Elec. Registration Sys. Inc.</u>, No. 1:11-cv-01967-RWS, 2012 WL 716161, at *3 (N.D. Ga. Mar. 5, 2012) ("Having expressly authorized MERS's involvement in the transaction and its right to assign the Deed, Plaintiff cannot challenge [assignee's] authority to foreclose on this basis.").

[4]     While Defendants may qualify as "debt collectors" for the purpose of Section 1692f(6), <u>see</u> 15 U.S.C. § 1692a(6), Plaintiffs' Amended Complaint does not allege that they violated Section 1692f(6).  There is a clear present right for TBO to take possession of the Property because the Security Deed evidences TBO's right to possess the Property, the letters sent to Plaintiffs by A&C stated TBO's intention to possess the Property, and Plaintiffs do not allege that the Property is exempt by law. <u>See</u> 15 U.S.C. § 1692f(6).  Plaintiffs fail to state a claim for relief under Section 1692f(6).  Plaintiffs' claim for violation of the FDCPA is required to be dismissed for these additional reasons.

[5]     Although Landmark and TBO are the only parties who moved for judgment on the pleadings, the Court may dismiss Plaintiffs' FDCPA claim against the remaining Defendants because Plaintiffs' FDCPA claim is based on the same vague allegations of misconduct against "Defendants" generally; because FCI is in a position similar to that of Landmark; and because Plaintiffs' FDCPA claim against A&C, who advertised the foreclosure on behalf of TBO, is integrally related to their claim against TBO.  "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where

D.    Plaintiffs' Remaining State Law Claims

1.    Original Jurisdiction

Defendants argue that the Court has original subject matter jurisdiction over Plaintiffs' state law claims based on diversity of citizenship.  Diversity jurisdiction requires complete diversity between Plaintiffs and Defendants, and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332.  Defendants assert that there is complete diversity in this action because A&C, even though it shares Georgia citizenship with Plaintiffs, was fraudulently joined to defeat federal subject-matter jurisdiction because Plaintiffs do not allege a specific cause of action against A&C. (Notice of Removal ¶ 11-15).

The Court disagrees.  The Eleventh Circuit has stated:

---

claims against such defendants are integrally related." Loman Dev. Co. v. Daytona Hotel & Motel Suppliers, Inc., 817 F.2d 1533, 1537 (11th Cir. 1987) (quoting Silverton v. Dep't of Treasury, 644 F.2d 1341, 1344 (9th Cir.), cert. denied, 454 U.S. 895 (1981)); see also Bonny v. Society of Lloyd's, 3 F.3d 156, 162 (7th Cir. 1993) (same).  While a court generally must provide the plaintiff with notice of its intent to dismiss or an opportunity to respond before dismissing the action *sua sponte*, "[t]here is an exception to [the] general rule against dismissal without notice if the complaint is patently frivolous" or if amendment of the complaint would be futile.  Tazo v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citing Wyatt v. City of Boston, 35 F.3d 13, 15 n.1 (1st Cir. 1994)).  It is clear that Plaintiffs have not, and cannot, state a claim for violation of the FDCPA against the non-moving Defendants and notice is not required.

[6]    Because the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, as discussed below, the Court does not reach the merits of Plaintiffs' remaining claims.

> When alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.  We have emphasized that the burden on the removing party is a heavy one.  The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties.  The district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties in the substantive law in favor of the plaintiff.  If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to the state court.  Thus, when considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.

Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc., 436 F. App'x 888, 890

(11th Cir. 2011) (internal quotations and citations omitted).

Defendants argue that Plaintiffs cannot seek relief against A&C because it

was "merely" a law firm hired to advertise and conduct the foreclosure.  (Notice of

Removal ¶ 11; Defs' Resp. to Mot. to Remand [7] at 8).  In Georgia, a law firm

may be held liable, under certain circumstances, for its misconduct in conducting

or attempting to conduct a wrongful foreclosure sale.  See, e.g., Morgan v. Ocwen

Loan Serv., LLC, 795 F. Supp. 2d 1370, 1376-77 (N.D. Ga. 2011); McCarter v.

Bankers Trust Co., 543 S.E.2d 755, 756-57 (Ga. Ct. App. 2000); Ga. Real Estate

Finance and Foreclosure Law § 8:11 ("A law firm that conducts a wrongful foreclosure may be liable, in certain circumstances, for damages.").

To the extent Defendants argue that A&C was fraudulently joined because Plaintiffs' Amended Complaint fails to meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure, in determining whether there is no possibility that a plaintiff can establish a cause of action against a resident defendant, a district court "must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court."   See Ullah v. BAC Home Loans Serv. LP, No. 12-12557, 2013 WL 4267188, at *2 (11th Cir. Aug. 16, 2013) (quoting Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332) (11th Cir. 2011)).   "The pleading standard in Georgia is lower than the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).   Under Georgia law, fair notice of the nature of the claim is all that is required, and the elements of most claims can be pled in general terms.   Pleading conclusions, rather than facts, may be sufficient to state a claim for relief."   Id. (internal quotations and citations omitted); see also Stillwell, 663 F.3d at 1334 n.3 ("Georgia has not chosen to adopt the heightened pleading requirements imposed on federal plaintiffs . . . .").   Defendants fail to show that there is no possibility that a Georgia state court could find that Plaintiffs adequately pleaded a viable claim for wrongful

foreclosure, invasion of privacy, or breach of the duty of good faith and fair dealing against A&C.  Complete diversity does not exist among the parties and the Court thus lacks original subject-matter jurisdiction over Plaintiffs' state law claims.

## 2.   Exercise of Supplemental Jurisdiction

Plaintiffs' FDCPA claim, now dismissed, was the only claim in this action over which the Court had original subject-matter jurisdiction.  The remaining claims in this action involve only state law causes of action, over which the Court may, but is not required to, exercise supplemental jurisdiction.  See 28 U.S.C. § 1367(a) (conferring district courts with supplemental jurisdiction over "claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy").[7]

---

[7]    Plaintiffs contend that the Court lacks discretion to consider their state law claims because 28 U.S.C. § 1441(c) requires that the Court sever from the action and remand to state court all claims "not within the original or supplemental jurisdiction of the district court . . . ."  28 U.S.C. § 1441(c).  Although the Court does not have original jurisdiction over Plaintiffs' state law claims because the parties are not diverse, Plaintiffs do not argue, and it does not appear, that these claims are not within the Court's supplemental jurisdiction.  Plaintiffs' FDCPA and state law claims are all based on perceived defects in the foreclosure process and Defendants' alleged lack of authority to foreclose on the Property.  Plaintiffs' state law claims "form part of the same case or controversy" as their FDCPA claim and thus are within the Court's supplemental jurisdiction.  Section 1441(c) simply does not apply.

The exercise of supplemental jurisdiction is discretionary.  See 28 U.S.C.

§ 1367(c); United Mines Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

A district court may decline to exercise supplemental jurisdiction over a claim if

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  In making this determination, the district court should

consider the factors articulated by the Supreme Court in Gibbs: judicial economy,

convenience, fairness to the parties, and whether all the claims would be expected

to be tried together.  Palmer v. Hosp. Auth., 22 F.3d 1559, 1569 (11th Cir. 1994)

(citing Gibbs, 383 U.S. at 725–26).

The Court has discretion to decline to exercise jurisdiction over this case

because, in dismissing Plaintiffs' FDCPA claim, the Court "has dismissed all

claims over which it has original jurisdiction" and the remaining state law claims

"substantially predominate" over the now-dismissed federal claim.  See 28 U.S.C.

§ 1367(c)(2)–(3); see also Parker v. Scrap Metal Processors, Inc., 468 F.3d 733,

744 (11th Cir. 2006) (explaining that a "federal court will find substantial

predominance when it appears that a state claim constitutes the real body of a case" (internal quotation omitted)); Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., 402 F.3d 1092, 1123 (11th Cir. 2005) (explaining that when "no basis for original federal jurisdiction presently exists, the district court has the discretion to decline to exercise supplemental jurisdiction").

In considering the relevant Gibbs factors, the Court finds that judicial economy favors declining to exercise supplemental jurisdiction.  The Court has not expended considerable resources at this stage of litigation.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); Lake Cnty. v. NRG/Recovery Grp., Inc., 144 F. Supp. 2d 1316, 1319 (M.D. Fla. 2001) (remanding where the federal court had not expended a significant amount of judicial labor).  Judicial economy also favors the resolution in state court of state law disputes between in-state defendants.  See Gibbs, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between parties, by procuring for them a surer-footed reading of applicable law."); see also

Baggett v. First Nat'l Bank, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law."); Hudson v. Cent. Ga. Health Servs., No. 5:04-cv-301, 2005 WL 4145745, at *10 (M.D. Ga. Jan 13, 2005) ("[I]t is preferable for the courts of Georgia to make rulings on issues of Georgia law rather than to have federal courts do so, even when those federal courts are in Georgia.").; cf. Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243-44 (11th Cir. 2007) (holding that, in non-removed cases, the district court must dismiss a federal question case if the plaintiff later drops its federal claims).

The convenience and fairness factors do not compel the Court to exercise its supplemental jurisdiction.  The parties are not inconvenienced by being required to litigate in the Superior Court of DeKalb County, and there is no indication that requiring them to litigate in state court is unfair to either party.  Applying the factors in Gibbs, the Court declines to exercise supplemental jurisdiction over the remaining state law claims, and remand is appropriate.  See Cook, 402 F.3d at 1123 ("Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to continue to exercise supplemental jurisdiction, [the] remaining claim[s] should be remanded to state court.").

24

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [5] is **DENIED**.

**IT IS FURTHER ORDERED** that Residential Fund 76, LLC and ACT Lending Corporation, d/b/a ACT Mortgage Capital, are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that TBO Capital LLC and Landmark Financial Solutions, LLC's Motion for Judgment on the Pleadings [2] is **GRANTED IN PART.**  Plaintiffs' claim for violation of the Fair Debt Collection Practices Act, asserted in Count 8 of Plaintiffs' Amended Complaint, is **DISMISSED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Superior Court of DeKalb County.


**SO ORDERED** this 4th day of December, 2013.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE